UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
FASHION ACCESSORY BAZAAR LLC,

                            Plaintiff,

– v. –

                            Case No.: 18-cv-7840

QUANZHOU HUIXIN BAGS CO., LTD.,

                            Defendant.
---------------------------------------------------------------- X

## COMPLAINT BY FASHION ACCESSORY BAZAAR LLC

Plaintiff, FASHION ACCESSORY BAZAAR LLC ("Plaintiff"), by its attorneys, Lazarus & Lazarus, P.C., as and for its Complaint against the Defendant, QUANZHOU HUIXIN BAGS CO., LTD. (the "Defendant"), respectfully sets forth, represents and alleges as follows:

### PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws and rules of the State of New York, having its principal place of business at 15 West 34th Street, New York, New York 10001.

2. Plaintiff is engaged in business as a wholesaler, manufacturer, importer, and supplier of children's handbags, backpacks and accessories to retailers throughout the United States such as Target, Walmart, Amazon and Kohls.

3. Many of Plaintiff's products are products bearing licensed trademarks wherein Plaintiff Is the licensee and the licensor party ("Licensor") is, among others, Sanrio, Disney, Nickelodeon, Hasbro, Pokemon and others.

4. Plaintiff's license agreements are of invaluable worth to the Plaintiff and each of the license agreements with the Licensors hold Plaintiff to strict quality and territorial

standards and restrictions and hold Plaintiff responsible for the conduct of the third-party factories, typically overseas, where Plaintiff's products are manufactured.

5. Upon information and belief, Defendant is a foreign corporation with an address located at Fengze Area Shaolin Road Quanzhou, Fujian, China.

6. Upon information and belief, Defendant is a manufacturer factory and exporter of children's handbags, backpacks and other type of bags to importers/wholesalers in the United States, and other countries, including Plaintiff.

7. This Court has diversity jurisdiction because the amount in controversy exceeds $75,000.00, the Plaintiff is a limited liability company organized under the laws of New York and Defendant is a subject of a foreign state, being a company incorporated in China, a foreign country. 28 U.S.C. § 1332(a)(2). The sole member of the Plaintiff LLC is Steve Russo, who is a citizen of the State of New York.

8. Venue is appropriate in the Southern District of New York because Plaintiff's principal place of business is in the district and because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(1), (2).

## STATEMENT OF FACTS

9. Plaintiff and Defendant entered into multiple purchase orders, wherein Plaintiff agreed to take in, pay for and accept certain children's handbags, backpacks and lunch bags (the "Goods") from Defendant of the particular quality and quantity and in the time periods required and specified by Plaintiff.

10. The invoices ("Invoices") for the Goods in issue in this action by and between Plaintiff and Defendant commence approximately March 2018 and extend through to and

including June 2018. A copy of the Invoices is attached hereto and made a part hereof as ***Exhibit A***.

11. Defendant was at all times aware that it was necessary and critical for Defendant to timely deliver conforming and acceptable Goods to Plaintiff with full awareness that time was of the essence due to Plaintiff's need to receive conforming and acceptable Goods so that Plaintiff could meet Plaintiff's contracted customer ship dates.

12. In addition to its promise of timely delivery, Defendant promised and agreed that the Goods would meet the quality standards of Plaintiff as well as the specifications and requirements contained in Plaintiff's purchase orders. In connection therewith, Plaintiff and Defendant agreed that production goods would match certain pre-agreed physical samples.

13. Meeting the quality standards was important to the Plaintiff both because of its obligations to Plaintiff's retail customers and Plaintiff's obligations to Plaintiff's Licensors which required that, in general, Plaintiff's products be of the best quality.

14. Defendant provided shipment samples that were to be arbitrarily selected and indicative of the quality of the total shipment of Goods. Upon Plaintiff's inspection of the Goods at their warehouse, Plaintiff discovered a significant difference in the quality of the Goods in that they did not match the approval samples and were of a significant lesser quality from industry standards.

15. Defendant failed to meet Plaintiff's obligations because the Goods: (a) were late; (b) did not conform to the promises or affirmations of fact made to Plaintiff; and/or (c) were not fit for the ordinary purposes for which such goods are used.

16. Plaintiff timely and promptly notified Defendant that the Goods ordered and tendered by Plaintiffs were late, unacceptable and/or defective and non-conforming. In many

instances, Defendant delivered Goods without Plaintiff's approval as to the quality thereof.

17. Certain of the defective, unacceptable and/or non-conforming Goods delivered in connection with purchase orders are available for return by Plaintiff to Defendant.

18. As a result of Plaintiff's delivery of late, defective, unacceptable and/or nonconforming Goods, and as a result of Defendant's failure to timely delivery Goods, Plaintiff suffered more than half a million dollars in cancelled orders.

19. As a result of Plaintiff's delivery of late, defective, unacceptable and/or nonconforming Goods and as a result of Defendant's failure to timely delivery Goods, Plaintiff is likely to suffer credits, returns, chargebacks and markdown allowances from its retail customer base which will deprive Plaintiff of substantial earned revenues and jeopardize future business with the retailers who were not delivered goods on time or were delivered goods not conforming to industry standard quality.

20. Plaintiff ordered, and Defendant agreed to sell, ship and deliver Goods to Plaintiff with respect to which Plaintiff was, at all times, ready, willing and able to take in, accept and pay for if Defendant had been able to timely ship. But Plaintiff had to cancel these orders.

21. By reason of Defendant's failure to timely delivery the Goods with respect to which Plaintiff stood to make a significant profit, Plaintiff sustained both a purely economic injury and an injury to its good will and reputation because Plaintiff shipped beyond the contractual ship dates to its customers.

## AS AND FOR PLAINTIFF'S FIRST CLAIM

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 of the Complaint with the same force and effect as though same were set forth at length herein.

23. The actions of Defendant in delivering late Goods, constitute a complete breach and material repudiation of the parties' agreements.

24. As a result of Defendant's shipment of late Goods to Plaintiff, Plaintiff, upon shipment to its customers of the late received Goods, incurred customer credits, returns, chargebacks and markdown allowances because in being forced to ship Defendant's Goods late to Plaintiff's customers, Plaintiff's customers' selling seasons were shortened and impaired, resulting in the credits, returns, chargebacks and markdown allowances and loss and damage to Plaintiff's good will and trade reputation and possible loss of future business with its customers.

25. Based on the foregoing, Plaintiff has been damaged, including the foreseeable loss of profits, in an amount in an amount to be determined at trial, but in any event not less than then $10,000,000.00.

## AS AND FOR PLAINTIFF'S SECOND CLAIM

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 of the Complaint with the same force and effect as though same were set forth at length herein.

27. The actions of Defendant in delivering unmerchantable Goods, and willfully and wrongfully failing and refusing to deliver others, constitute a complete breach and material repudiation of the parties' agreements.

28. The actions of Defendant in delivering Goods without approval, constitute a complete breach and material repudiation of the parties' agreements.

29. Based on the foregoing, Plaintiff has been damaged, including the foreseeable loss of profits, in an amount in an amount to be determined at trial, but in any event not less than then $10,000,000.00.

## AS AND FOR THE SECOND CLAIM

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 of the Complaint with the same force and effect as though same were set forth at length herein.

31. As a result of Defendant's failure to provide, as agreed, timely, conforming and acceptable Goods, Plaintiff had an insufficient quantity of timely delivered Goods.

32. As a result of having an insufficient quantity of conforming goods, Plaintiff had to cancel certain orders due to missed customer ship dates and has suffered damage to its trade reputation.

33. Based on the foregoing, Plaintiff has been damaged, including the foreseeable lost profits and destruction of Plaintiff's trade reputation, in an amount in an amount to be determined at trial, but in any event not less than $10,000,000.00.

## AS AND FOR THE THIRD CLAIM

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 of the Complaint with the same force and effect as though same were set forth at length herein.

35. At all pertinent times herein mentioned, Plaintiff is and was a buyer in the ordinary course of business with respect to the aforesaid Goods sold and delivered.

36. At all pertinent times herein mentioned, Defendant was and is a merchant with respect to the Goods.

37. Defendant breached the implied warranty of merchantability in that Defendant's Goods, *inter alia:* (a) were not fit for the ordinary purposes for which such goods are used; (b) did not conform to the promises or affirmations of fact made to Plaintiff; and (c) were delivered late and thus "out of season" when time was of the essence.

38. The implied warranty of merchantability has not been excluded or modified.

39. Based on the foregoing, Plaintiff has been damaged in an amount in an amount to be determined at trial, but in any event not less than $10,000,000.00.

## AS AND FOR THE FOURTH CLAIM

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 of the Complaint with the same force and effect as though same were set forth at length herein.

41. Upon information and belief, Defendants are in possession of Goods with certain licensed trademarks which have been licensed to Plaintiff by Licensors ("Licensed Marks").

42. Defendant is believed to be illegally placing and/or planning to place goods with the Licensed Marks into the Chinese markets place which is not a territory granted to the Plaintiff by Licensors in their License Agreements.

43. These items bear the Licensed Marks licensed to Plaintiff and any disposition of these Goods without Plaintiff's consent would be unauthorized and any such unauthorized disposition of these Goods would be a breach of Plaintiff's license agreements with its Licensors.

44. Because of the license agreements entered into by Plaintiff and its Licensors and Plaintiff and the factory, Defendant has no right to sell the Goods bearing the Licensed Marks overseas or in any other manner inconsistent with Plaintiff's license agreements with the Licensors in question.

45. Such unauthorized disposition could cause Plaintiff's Licensors to cancel and terminate their license agreements with Plaintiff.

46. In addition, Plaintiff's business reputation would be irreparably damaged if defective Goods with the Licensed Marks were sold to consumers.

47. Without a preliminary and permanent injunction enjoining Defendant from placing the unauthorized Goods with the Licensed Marks into commerce, Plaintiff would incur an irreparable injury for which there is no adequate remedy at law.

**WHEREFORE,** Plaintiff respectfully demand judgment against Defendant on Plaintiff's Claims together with interest, costs and attorneys' fees and (ii) for such other and further relief as this Court deems just and proper.

Dated: August 28, 2018
New York, New York

LAZARUS & LAZARUS, P.C.
*Attorneys for Plaintiff*

By: Harlan M. Lazarus, Esq.
240 Madison Avenue, 8th Floor
New York, New York 10016
(212) 889-7400